ALMON, Justice
(dissenting).
I dissent from the denial of certiorari review. The Court of Civil Appeals affirmed a summary judgment for Pacesetter Corporation in a malicious prosecution action filed against it by Bennett Higgins. Pacesetter had brought an action for damages against Higgins, alleging that he had wrongfully attested as a notary public that two persons, Mr. and Mrs. Houston, had signed in his presence as mortgagors on a mortgage to Pacesetter. That action was dismissed when Pacesetter failed to appear at a trial setting.
Higgins argues that Pacesetter lacked probable cause to bring its action because it had itself procured his notarization of the Houstons’ signatures without their presence. He presented evidence that a sales agent of Pacesetter brought the mortgage to his office and asked him to notarize the Houstons’ signatures. He also presented evidence that it was Pacesetter’s usual procedure to obtain notary acknowledgments of signatures outside the presence of the signing parties. Thus, argues Higgins, Pacesetter was in pari *1268 delicto with him in obtaining the false notarization and therefore could not have had probable cause to bring its action against him.
I think Higgins’s arguments have probable merit and that the writ of certiorari should issue for this Court to further review these arguments. On a motion for summary judgment, the evidence is to be viewed in a light most favorable to the nonmoving party. If Higgins’s evidence is correct, then Pacesetter was the instigator of the wrongful notarization but attempted to hold him solely responsible for Pacesetter’s damage occurring from its lack of security on its loan to the Hous-tons. If a jury accepts Higgins’s version of the facts, then it could find that Pacesetter brought its action against Higgins without probable cause and with malice. The other elements of malicious prosecution are clearly supported by Higgins’s evidence, so I think there is a sufficient showing of merit in his petition for this Court to grant certiorari review. I would grant the petition.